IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK JULIAN EDMONDS, | § | |
| Movant, | § § § | |
| V. | § | No. 3:16-cv-1835-S |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § § | |

**ORDER MODIFYING AND ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DENYING A CERTIFICATE OF APPEALABILITY**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case [ECF No. 52]. An objection was filed by Movant Mark Julian Edmonds ("Movant") [ECF No. 54]. The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. The Court ACCEPTS the Findings, Conclusions, and Recommendation of the United States Magistrate Judge subject to the following modifications.

## I.     LEGAL STANDARD

Under 28 U.S.C. §§ 2244(b) and 2255(h), "[a] second or successive habeas application must meet strict procedural requirements before a district court can properly reach the merits of the application." *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018). Movant must first, as he did in this case, receive permission from the Fifth Circuit to file a second or successive motion, which requires that he:

> make a prima facie showing [to the Circuit Court] that the motion relies on a new claim resulting from either (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously

unavailable," or (2) newly discovered, clear and convincing evidence that but for the error no reasonable fact finder would have found the defendant guilty.

*Id.* (citing 28 U.S.C. §§ 2244(b)(2), (3)(A), (3)(C), 2255(h)). Movant received permission to file a second or successive motion from the Fifth Circuit in 2016. Second, Movant is then required to "actually prove at the district court level that the relief he seeks relies either on a new, retroactive rule of constitutional law or on new evidence." *Id.* (citing 28 U.S.C. § 2244(b)(2), (4)).

At the time the Magistrate Judge reviewed Movant's successive § 2255 motion, the Fifth Circuit had not committed to any standard for determining whether a § 2255 motion "relies on" a constitutional claim articulated in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* ECF No. 54 at 12 (citing *Wiese*, 896 F.3d at 724). The Magistrate Judge surveyed the law of the other circuits, however, and correctly predicted that the Fifth Circuit would require Movant to show "by a preponderance of the evidence" that "it was more likely than not that he was sentenced under the residual clause" of the Armed Career Criminal Act ("ACCA"). *United States v. Clay*, 921 F.3d 550, 558 (5th Cir. 2019); ECF No. 54 at 7. The Court now adopts and applies the "more likely than not" standard the Fifth Circuit espoused in *Clay*.

## II.   ANALYSIS

### A.   *Generic Burglary*

Movant objects to the Magistrate Judge's finding that N.Y. Penal Law § 140.25 constitutes generic burglary, because it encompasses "vehicles 'in which any person lives.'" Obj. ¶ 11. Section 140.25 would constitute generic burglary if it "'*substantially corresponds*' to or is narrower than the generic definition of burglary," regardless "of its 'exact definition or label.'" *Quarles v. United States*, ___ S. Ct. ___, No. 17-778, 2019 WL 2412905, at *3 (June 10, 2019) (emphasis added) (quoting *Taylor v. United States*, 495 U.S. 575, 599, 602 (1990)). "[T]he elements of generic 'burglary' [are] 'an unlawful or unprivileged entry into, or remaining in, a

2

building or other structure, with intent to commit a crime." *United States v. Stitt*, 139 S. Ct. 399, 405-06 (2018) (quoting *Taylor*, 495 U.S. at 598). The Supreme Court recently clarified in *Stitt* that the phrase "building or other structure" encompasses any vehicle or structure "designed or adapted for overnight use." *Id.* at 407. Generic burglary covers break-ins involving such vehicles or structures because "[a]n offender who breaks into . . . a vehicle . . . that is adapted for or customarily used for lodging runs [the] risk of violent confrontation" that Congress sought to address in the ACCA. *Id.* at 406 (citations omitted). Moreover, it does not matter whether "a vehicle is only used for lodging part of the time," as "burglary is no less a burglary because it took place at a summer home during the winter, or a commercial building during a holiday." *Id.*

These concerns apply with equal force to New York's second degree burglary statute, which provides, in pertinent part, that a "[a] person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein." N.Y. PENAL LAW § 140.25. This statute includes all of the elements of generic burglary. *See Stitt*, 139 S. Ct. at 405-06. Moreover, § 140.25 is a generic burglary statute even though the New York Penal Law defines "building" as "any structure, vehicle or watercraft used for overnight lodging of persons, or used by persons for carrying on business therein, or used as an elementary or secondary school, or an inclosed motor truck, or an inclosed motor truck trailer." *Id.* § 140.00(2). A burglary involving a vehicle or structure used for lodging or business involves a similar risk of violent confrontation as a burglary of a vehicle or structure adapted or designed for lodging or business use. *Stitt*, 139 S. Ct. at 406. Thus, the Court finds that § 140.25 "substantially corresponds to . . . the generic definition of burglary." *Quarles*, 2019 WL 2412905, at *3 (internal quotation marks omitted).

## B.  *Burden of Proof*

Even if § 140.25 is not a generic burglary statute, the Court would dismiss the successive § 2255 motion because Movant has not shown, by a preponderance of the evidence, that the sentencing court relied on the residual provision of the ACCA. *See Clay*, 921 F.3d at 558. At the time Movant was sentenced, federal courts viewed attempted burglary in the third-degree (a less serious offense than second-degree burglary) as a violent offense under the ACCA. *See United States v. Andrello*, 9 F.3d 247, 250 (2d Cir. 1993) (collecting cases). Movant does not point to, and the Court has not found, any case contemporaneous with the sentencing that would suggest that burglary in the second-degree was not a violent felony under the ACCA. Although Movant observes that some New York federal courts have held burglary in the second-degree to be non-generic, *see, e.g.*, *Memoli v. United States*, 04CR140 (JSR), 2017 WL 3559190, at *11 (S.D.N.Y. July 11, 2017), the cases Movant cites were decided more than a decade after Movant was sentenced and so have no bearing on whether the sentencing court relied on the residual provision of the ACCA. Moreover, the addendum to Movant's presentence report reflects that Movant's convictions were for burglaries of *habitations*. *See Presentence Report* ¶ 23, *United States v. Edmonds*, No. 3:98-cr-370-M (N.D. Tex.), ECF. No. 227; *id.* at 15 ("[T]he defendant's past Burglary of a Habitation convictions in New York are crimes of violence and qualify the defendant as an armed career criminal."). Accordingly, Movant has not shown by a preponderance of the evidence that the sentencing court relied on the residual provision of the ACCA.

## III.  CONCLUSION

For the foregoing reasons and subject to these modifications, the Court accepts the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. The Court has also considered the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c),

4

and denies a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation filed in this case in support of its finding that that Movant has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[1]

In the event Movant will file a notice of appeal, the Court notes that Movant must pay the filing fee ($505.00) or file a motion for leave proceed *in forma pauperis* on appeal.

**SO ORDERED.**

SIGNED July _11_, 2019.

KAREN GREN SCHOLER
**UNITED STATES DISTRICT JUDGE**

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.